IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAULA JACKSON, | ) | FILED: JULY 30, 2008 |
| | ) | 08CV4312 |
| Plaintiff, | ) | JUDGE ST. EVE |
| | ) | MAGISTRATE JUDGE COX |
| v. | ) No. | |
| | ) | PH |
| INDIAN PRAIRIE SCHOOL DISTRICT | ) | |
| 204, SUPERINTENDANT HOWIE | ) | |
| CROUSE, SUPERINTENDANT STEVEN | ) | **Plaintiff demands trial by jury** |
| DAESCHNER, ASST. SUPERINTENDANT | ) | |
| OF INSTRUCTIONAL SERVICES JUDY | ) | |
| HACKETT, and ASST. | ) | |
| SUPERINTENDANT OF | ) | |
| INSTRUCTIONAL SERVICES SHARON | ) | |
| TATE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Now Comes PAULA JACKSON, plaintiff, by her attorneys, PETER S. STAMATIS, and THOMAS C. CRONIN and for her complaint against INDIAN PRAIRIE SCHOOL DISTRICT 204, SUPERINTENDANT HOWIE CROUSE, SUPERINTENDANT STEVEN DAESCHNER, ASST. SUPERINTENDANT OF INSTRUCTIONAL SERVICES JUDY HACKETT, and ASST. SUPERINTENDANT OF INSTRUCTIONAL SERVICES SHARON TATE, states as follows:

## Preliminary Statement

This case involves defendants' knowing placement of Mrs. Jackson, one of Dist. 204's highly praised and accomplished special education teacher for over 20 years, in the presence of a child who defendants knew to be physically abusive and dangerous to teachers and who had on innumerable occasions tried to punch, kick, push and otherwise physically injure her and others. Defendants turned a blind eye to multiple injuries that the student had inflicted on teachers, assistants, and his classmates alike, a number of which involved severe injury and hospitalization. Defendants' further ignored the recommendations of an Independent Education Plan Team to place the student in a therapeutic day school, a fact that led many, including Mrs. Jackson, to suffer severe physical and psychological injuries.

## Background Information

### Jurisdiction

1.     This action arises under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. §1983. This Honorable Court has jurisdiction over the matter by virtue of 28 U.S.C. § 1331 and §1343.

### The Parties

2.     PAULA JACKSON ("Paula" or "Mrs. Jackson") is resident of Naperville, Illinois. She currently works as a special education support teacher in INDIAN PRAIRIE SCHOOL DISTRICT 204. Mrs. Jackson is a married mother of three boys.

3.    INDIAN PRAIRIE SCHOOL DISTRICT 204 ("Dist. 204") is the fourth largest school district in Illinois and according to its web-site, encompasses 46 square miles including portions of Naperville, Aurora, Bolingbrook and Plainfield.  It is comprised of 31 schools including a preschool, 21 elementary schools, six middle schools, two high schools and one alternative high school.

4.    HOWIE CROUSE, STEVEN DAESCHNER, JUDY HACKETT, and SHARON TATE, ("The Individual School Defendants") are/were all employees of Dist. 204 at all relevant times hereto.

## Facts Common to All Counts

5.    In or about 2002, Dist. 204 hired Mrs. Jackson to serve as a special education support teacher.  She currently holds this position and teaches at two schools in District 204.

6.    Since her hiring, Mrs. Jackson has worked in the district in that capacity teaching over a hundred students at three different schools.  As a teacher, Mrs. Jackson has earned the highest marks in her evaluations and as recently as June 2008, rated "excellent" by principals Ron Zeman and Lena Guerrieri.

7.    One of the schools that Mrs. Jackson was directed to teach at was White Eagle Elementary School ("White Eagle").  White Eagle is located in Naperville, Illinois. Mrs. Jackson has taught at White Eagle since 2005.

8.    In or about 2003, a minor student (hereinafter the "Student")[1] was enrolled at White Eagle as a kindergartener.

9.    By the fall of 2006, Dist. 204 and the Individual School Defendants were well aware of the Student's mental disabilities including his propensity for violence.

10.    Nevertheless, the Student was allowed to remain at the school.

### 2006-2007 School Year

11.    White Eagle Principal assigned the Student to Mrs. Jackson for the 2006/2007 school year.  Generally, Mrs. Jackson would serve as a support teacher for the Student.

12.    On or about the very first day of school for the 2005/2006 school year, the Student, then a second grader, exited his mother's automobile in White Eagle's drop off line and began to kick, punch and bite Mrs. Jackson, who he had never met before.  He stopped only after being pulled away by White Eagle's principal, Ronald Zeman (not a party to this action).

13.    That year, Mrs. Jackson became a "Support Teacher" to the Student's regular second grade teacher, sometime after the Student punched his then pregnant teacher in the stomach.  In that capacity, Mrs. Jackson immediately saw that the Student was extremely troubled and prone to erratic and violent behavior.

---

[1] As defendants are aware of the identity of the Student, he is not named herein.

14.    Mrs. Jackson regularly reported this and specific instances of the same to her superiors including defendant Crouse, then District Superintendent and defendant Hackett, then Assistant Superintendant to Special Education.

15.    The Student's physical aggression towards other students and teachers continued throughout the 2006-2007 school year.  There are too many such incidents to name here.  But merely by way of example, here are a few:

    a.    October 4, 2006:  the Student takes a number of rectangular pencil erasers and wraps them in tissue to resemble grave.  On one of them he writes, "RIP Ms. Jackson;"

    b.    October 12, 2006:  the Student hits and kicks Mrs. Jackson repeatedly causing bruising to her arms.  Later that day, he physically attacks the school psychologist for over twelve minutes;

    c.    October 23, 2006:  the Student throws a plastic game at Mrs. Jackson, injuring her arm, requiring medical attention and her wearing of a sling. The Student tells Mrs. Jackson he is going to "murder her," not to mention his parents while they sleep;

    d.    December 20, 2006:  the Student punches another child in the face;

    e.    February 21, 2007:  the Student throws an object at a lunch supervisor and also punches and kicks Mrs. Jackson causing injury to, among other things, her back;

    f.    February 22, 2007: the Student punches the social worker in the eye breaking a blood vessel;

    g.    March 5, 2007:  the Student punches a peer in the face;

    h.    April 3, 2007:   the Student pushes and shoves his peers and is disrespectful to school faculty;

i.      April 4, 2007:  the Student throws pens and markers at Mrs. Jackson and other teachers and also throws a chair at a teacher's aide.

16.     By the spring of 2007, there remained no doubt that the Student posed a threat to the health and safety of Mrs. Jackson, not to mention other teachers and students at White Eagle.

17.     On or about May 23, 2007, a conference was held regarding the Student. On information and belief, Judy Hackett made a report of the meeting to Howie Crouse.

18.     The result of the conference was a strong recommendation that the Student not be permitted back at White Eagle for the 2007-2008 school year but that he be transferred to a therapeutic school outside of the district and more suitable to his needs.  The student's family opposed such a transfer.  But before a final decision was made, the conference was terminated.

19.     Approximately two weeks later, on or about June 8, 2007, the May 23, 2007 the Conference reconvened.  At that time, Mrs. Jackson learned that the district had consulted with its lawyer and that the Student *would* indeed be permitted to return to White Eagle for the 2007-2008 school year and that the Student's parents promised to fulfill three criteria that summer.  On information and belief, such decision was made by or with the imprimatur of defendants Crouse, Hackett, and Sharon Tate.  Such conduct by Crouse and/or Hackett constituted a deliberate indifference towards the health and safety of Mrs. Jackson and others.

*2007–2008 School Year*

20.    Despite the fact that the School Defendants learned that Student's parents had failed to fulfill their obligations relative to the Student over the summer of 2007, the Student nevertheless entered the 2007-2008 as a fourth grader at White Eagle.

21.    For the 2007-2008 school year, defendant Steven Daeschner had replaced Howie Crouse as the district Superintendant and Sharon Tate had replaced Judy Hackett as the Assistant Superintendent to Special Education.

22.    The Student's aggressive behavior increased during the 2007-2008 school year.  Like before, incidents of violence towards students and teachers alike are too many to name here.  But merely by way of example, here is a flavor of the incidents involving the student from first day of school to winter break:

   a.    September 6, 2007:  the Student shoves a classmate;

   b.    September 18, 2007:  the Student throws a chair, kicks a computer and tries to kick the school's principal, Ronald Zeman;

   c.    October 22, 2007:  the Student pushes a classmate at recess, tackles another, tries to kick Mrs. Jackson and to knock an object out of her hands;

   d.    November 2, 2007: the Student throws a chair at a teacher;

   e.    November 5, 2007: in a fit, the Student throws a wooden block and then anything within reach including a dictionary, colored pencils, games, chairs, tape dispenser, and a pencil at Mrs. Jackson; and

   f.    November 14, 2007: the Student kicks a substitute teacher.

23.    Despite such incidents, the Student still was permitted to remain at White Eagle.

24.    Following his return to school from winter break in 2008, the Student continued his verbal and physical outbursts and more and more threw objects including chairs.  Indeed, the Student threw chairs on numerous occasions in January, February and the first two weeks of March, 2008.

25.    Further, the Student continued to punch, kick, push and swear at fellow students and teachers alike, including Mrs. Jackson.

26.    Still, defendants did not remove the Student from the school and continued to direct Mrs. Jackson to act as the Student's support teacher.  On information and belief, such failures were of defendant Steven Daeschner and defendant Sharon Tate, whose conduct constituted, among other things, a deliberate indifference towards the health and safety of Mrs. Jackson and others.

*March 13, 2008*

27.    From September, 2006 to March of 2008, there were nearly 150 documented incidents of verbal and/or physical aggression perpetuated by the Student against White Eagle students and teachers alike.

28.    On March 13, 2008, the Student threw a book at one of his teachers after which the Student fell into a tantrum and began throwing chairs and books at his classroom door.  Mrs. Jackson was called to the situation.  When Mrs. Jackson entered

the room, the Student raised a chair over his head to strike her with it.  Mrs. Jackson

grabbed the chair and the Student refused to let it go but instead gave Mrs. Jackson a

shove, causing her to fall backwards and hit the back/side of her head on the room's

white board and her neck on the white board's ledge.  As a result of said fall, plaintiff

suffered significant physical and emotional injuries.

## COUNT I – 42 USC §1983 – SUBSTANTIVE DUE PROCESS VIOLATION –
## STATE CREATED DANGER
## PAULA JACKSON VS. DIST. 204 AND INDIVIDUAL SCHOOL DEFENDANTS

1-28.    Plaintiff adopts and realleges the allegations contained in paragraphs 1-28

as though fully set forth herein.

29.    By failing to remove the student from the school at the end of the 2006-

2007 school year, and at any time during the 2007-2008 school year, despite incident

after incident of the Student physically attacking students and teachers alike including

Mrs. Jackson, Dist. 204 and the Individual School Defendants created and/or increased a

danger faced by Mrs. Jackson.

30.    Dist. 204 and the Individual School Defendants' failure to protect Mrs.

Jackson from such danger(s) was the proximate cause of her injuries.

31.    Dist. 204 and the Individual School Defendants failure to protect Mrs.

Jackson shocks the conscience and constitutes a violation of her substantive due process

rights under the United States Constitution.

WHEREFORE, plaintiff, Paula Jackson, respectfully requests this Honorable Court find in her favor and award her compensatory damages from Dist. 204 and the Individual School Defendants. Mrs. Jackson also demands punitive damages, costs and attorneys' fees against Dist. 204 and the Individual School Defendants and whatever additional relief this Court deems equitable and just.

<u>COUNT II – 42 USC §1983 – 14TH AMENDMENT VIOL.</u>
<u>PAULA JACKSON VS. DIST. 204 AND INDIVIDUAL SCHOOL DEFENDNATS</u>

1-31. Plaintiff adopts and realleges the allegations contained in paragraphs 1-31 as though fully set forth herein.

32. Dist. 204 and the Individual School Defendants' actions, including knowingly repeatedly placing Mrs. Jackson in an environment where physical and emotional injury was a certainty, amounted to a battery/excessive use of force against Mrs. Jackson. Such conduct violates the fourteenth amendment to the United States Constitution.

WHEREFORE, plaintiff, Paula Jackson, respectfully requests this Honorable Court find in her favor and award her compensatory damages from Dist. 204 and the Individual School Defendants. Mrs. Jackson also demands punitive damages, costs and attorneys' fees against Dist. 204 and the Individual School Defendants and whatever additional relief this Court deems equitable and just.

## COUNT III -  42 USC §1983 – *MONELL* CLAIMS
## PAULA JACKSON VS. DIST. 204

1-32.   Plaintiff adopts and realleges paragraphs 1-32 as though fully set forth herein.

33.   Defendant Dist. 204 allowed and encouraged the misconduct described in the preceding paragraphs through the policies and practices of its school administrators by, as a matter of both policy and practice:

a.   directly encouraging the type of misconduct at issue here by failing to adequately train, supervise and control its school administrators in the handling of students with behavioral disorders and violent tendencies.  Its failure to do so constitutes deliberate indifference towards the welfare and safety of its teachers;

b.   failing to consider/ignoring the recommendations of the specialized team of teachers relative to the placement of students with violent tendencies.  Its to do so constitutes deliberate indifference to its employees, not to mention the health and safety of its students;

c.   failing to implement and support § 500.104 of Dist. 204's Policy Manual wherein the District covenants to "at all times take necessary measures to protect all employees from physical or psychological harm;"

d.   failing to act to remedy the patterns of conduct described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here; and

e.   ignoring incident reports and failing to investigate them and instances of violence.

34.   As a direct and proximate result of Defendant Dist. 204's policies and practices, Dist. 204, through its employees and agents, was able to violate plaintiff's

11

constitutional rights as described in previous counts, causing plaintiffs to suffer physical and emotional damages which will be proven at trial.

WHEREFORE, plaintiff, Paula Jackson, respectfully requests this Honorable Court find in her favor and award her compensatory damages from Dist. 204. Mrs. Jackson also demands punitive damages, costs and attorneys' fees against Dist. 204 and whatever additional relief this Court deems equitable and just.

7/29/08

Respectfully submitted,

One of plaintiff's lawyers

Peter S. Stamatis
Law Offices of Peter S. Stamatis, P.C.
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
T:  312 606 0045
F:  312 606-0085
ARDC no:  6217496

Thomas C. Cronin
Cronin & Co., Ltd.
77 West Wacker Drive
Suite 4800
Chicago, Illinois 60601
T:  312 606 8606
F:  312 578 1234
ARDC no:  6204065

12